UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | |
| Plaintiff, | 20 Civ. 8884 (PAE) |
| -v- | ORDER |
| FINDLAY ESTATES, LLC, SHEINDY GRUNHUT, COHLER FUEL OIL COMPANY, INC., and JOHN DOES 1-50, the names of the last 50 Defendants, being fictitious and unknown to Plaintiff, such persons or parties being intended to designate parties with liens that are subject and subordinate to the lien of the mortgage being foreclosed herein and tenants, lessees, or occupants of portions of the mortgaged premises described in the Complaint, | |
| Defendants. | |

PAUL A. ENGELMAYER, District Judge:

This order resolves two motions to substitute parties for the plaintiff Federal Home Loan Mortgage Corporation ("Freddie Mac") pursuant to Federal Rule of Civil Procedure 25(c). Defendants have not opposed either motion.

On October 23, 2020, Freddie Mac filed the Complaint, which sought to foreclose upon a mortgage loan of $6,335,000 on the property located at 1056, 1060, and 1064 Findlay Avenue, Bronx, New York. Dkt. 1 ("Compl."). At that time, Freddie Mac still held right, title, and interest in the loan. *Id.* ¶ 2. However, on or about November 12, 2020, Greystone repurchased the loan from Freddie Mac. *See* Dkt. 39 ("Pierre Decl.") ¶ 3. On November 24, 2020, Freddie Mac moved to substitute Greystone as plaintiff, on the basis that Greystone then held all right and interest in the loan. Dkts. 22 (motion to substitute), 23 (memorandum in support of motion to substitute). Greystone later assigned the loan to an affiliate of its, Greystone Healthcare

Management Corp., which, on December 31, 2020, assigned the loan to PFSS 2020 Holding Company, LLC ("PFSS"). Pierre Decl. ¶¶ 4–8; Dkt. 38 ("Brayshaw Decl.") ¶¶ 4–8. On January 14, 2021, Freddie Mac filed another motion to substitute PFSS as plaintiff on the basis that PFSS now held all rights to the loan. Dkts. 36 (motion to substitute), 37 (memorandum in support of motion to substitute).

Rule 25(c) provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). "Courts will frequently grant substitution where a party has fully transferred its interest to another person or entity." *SEC v. Collector's Coffee Inc.*, 451 F. Supp. 3d 294, 297–98 (S.D.N.Y. 2020) (collecting cases). Whether to grant a substitution is within the sound discretion of the trial court. *See Organic Cow, LLC v. Ctr. For New England Dairy Compact Research*, 335 F.3d 66, 71 (2d Cir. 2003). "[I]t is within the Court's power 'to continue the action in its original posture, to order substitution of the party to whom interest has been transferred, or to join the transferee as a party' based on 'how the conduct of the lawsuit will be most facilitated.'" *SEC*, 451 F. Supp. 3d at 298 (quoting *FDIC v. Tisch*, 89 F.R.D. 446, 448 (E.D.N.Y. 1981)).

Having reviewed Freddie Mac's motion to substitute PFSS as plaintiff and accompanying declarations, the Court finds that granting the motion to substitute PFSS for Freddie Mac "will expedite and simplify the action." *In re Rates - Viper Patent Litig.*, No. 09 Civ. 4068 (LTS), 2011 WL 856261, at *1 (S.D.N.Y. Mar. 10, 2011). Freddie Mac no longer holds any right or interest in the loan. PFSS is therefore the proper plaintiff to pursue a suit to foreclose on the property. And defendants do not argue that the substitution would cause them prejudice.

Accordingly, the Court grants Freddie Mac's motion to substitute PSFF as plaintiff and denies Freddie Mac's motion to substitute Greystone as plaintiff as moot.

The Clerk of Court is respectfully directed to substitute PFSS 2020 Holding Company, LLC for Freddie Mac as plaintiff and to terminate the motions pending at dockets 22 and 36.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: February 1, 2021
New York, New York