

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
ATTORNEYS AND COUNSELORS AT LAW

280 Park Avenue | 15th Floor West
New York, NY 10017
T 646.428.2600  F 646.428.2610
nelsonmullins.com

Alan F. Kaufman
T 646.428.2616
alan.kaufman@nelsonmullins.com

March 17, 2021

**By ECF**

Honorable Paul A. Engelmayer, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re: *PFSS 2020 Holding Company, LLC v. Findlay Estates, LLC*
       U.S. Dist. Ct. S.D.N.Y. Case No. 20-cv-8884 (PAE)

Dear Judge Engelmayer:

  We are counsel to Plaintiff PFSS 2020 Holding Company, LLC ("PFSS" or "Plaintiff"). At the March 11, 2020 telephonic conference, Your Honor directed Defendants Findlay Estates, LLC ("Borrower") and Sheindy Grunhut ("Guarantor," together with Borrower, "Defendants") to file with the Court, no later than 5:00 p.m. on March 15, a copy of the forbearance agreement, if any such agreement exists, on which Defendants intend to rely in defending this action. The parties were then, over the course of the following forty-eight hours, to discuss how that submission affects this litigation, if at all, and also to discuss a potential resolution of this matter. The Court requested an update by letter at the end of that forty-eight hour period.

  On March 15, Defendants filed Guarantor's Declaration with exhibits ("Grunhut Decl."). Since that filing, Plaintiff and Defendants have engaged in good-faith settlement discussions; however, they have not yet been able to reach a resolution.

  With regard to the apparent import of the Grunhut Decl., Plaintiff respectfully submits that Ms. Grunhut's Declaration serves only to strengthen Plaintiff's claims, given that Guarantor has conceded that no written forbearance agreement exists. *See* Grunhut Decl. ¶ 7 ("Findlay cannot furnish a formal agreement to the effect . . .."). "[F]orbearance agreements are subject to [New York's] statute of frauds and accordingly, must be in writing to be enforceable and signed by the party to be charged." *OneWest Bank, FSB v. Davies*, No. 16638–11, 2013 WL 846573, at *5 (N.Y. Sup. Ct., Suffolk Cnty.., Feb. 22, 2013) (citing N.Y. Gen. Oblig. Law § 5–703(4)); *see also Miller v. HSBC Bank U.S.A., N.A.*, No. 13 Civ. 7500, 2015 WL 585589, at *3 (S.D.N.Y. Feb. 11, 2015).

CALIFORNIA | COLORADO | DISTRICT OF COLUMBIA | FLORIDA | GEORGIA | MARYLAND | MASSACHUSETTS | NEW YORK
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE | WEST VIRGINIA

Honorable Paul A. Engelmayer, U.S.D.J.  Page 2
S.D.N.Y. Case No. 20-cv-8884  March 17, 2021

   Furthermore, Plaintiff respectfully submits that various aspects of Ms. Grunhut's Declaration are internally inconsistent and not credible. For example, Guarantor states that, subsequent to September 11, 2020, Greystone "confirmed with Findlay, that, because Findlay satisfied the conditions necessary for it to obtain forbearance, Greystone would forbear for a period of six (6) months from enforcing Findlay's mortgage payment obligations." Grunhut Decl. ¶ 6. First, it is extremely difficult to believe (despite Ms. Grunhut's assertions to the contrary) that Greystone would agree in September, 2020 to a six month forbearance only to then initiate this proceeding the very next month.

   In addition, the Application for Forbearance dated August 6, 2020 – which expressly stated that it was not a commitment and was subject to various conditions – attached to Ms. Grunhut's Declaration, specifically stated that it was an application for **three (3)** consecutive months of forbearance that "start no later than *August 1, 2020*." Grunhut Decl., Ex. C., p. 3 (italics and underline in original). In other words, the application references a three month, and not a six month, forbearance period, which was required to start no later than August 2020. Therefore, at a minimum, there does not appear to have been a meeting of the minds with respect to any purported forbearance. *See North Bright Capital, LLC v. 705 Flatbush Realty, LLC* 66 A.3d 977, 978 (2d Dept. 2009) (alleged oral forbearance agreement did not qualify as writing required by mortgage or by statute of frauds and was thus unenforceable, despite mortgagee's admission that parties discussed forbearance, where parties disputed terms and conditions of alleged forbearance agreement).

   In sum, while the assertions made in Ms. Grunhut's Declaration may unfortunately expand the scope of discovery to a certain extent, Plaintiff believes that Defendants have now confirmed that there is no enforceable forbearance agreement or arrangement that could constitute a viable defense in this proceeding. In fact, given Defendants' representation to the Court regarding the absence of other defenses, Plaintiff respectfully submit that Defendants have no viable defense to this action at all.

   Accordingly, although the parties intend to continue their efforts to reach an amicable resolution, they will simultaneously need to proceed on the discovery schedule entered by the Court.

   We thank the Court for its consideration.

           Respectfully submitted,

           */s/ alan f kaufman*

           Alan F. Kaufman

cc (via ECF):
   Jeremy Rosenberg, Esq., counsel for Defendants